**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

| | |
|---|---|
| FLORETTE MATTIX, : <br> : <br>     Plaintiff, : <br> : <br> v. : <br> : <br> DEKALB COUNTY SCHOOL : <br> DISTRICT, CYNTHIA : <br> JACKSON, SHERRON : <br> LEDBETTER, BEN SMITH, : <br> KARREN BRIGGS, and JUDITH : <br> ROBINSON, : <br> : <br>     Defendants. : | CIVIL ACTION NO. <br> 1:13-CV-2501-RWS |

## **ORDER**

This case is before the Court for consideration of Defendants' Motion for an Award of Attorneys' Fees [32]. After reviewing the record, the Court enters the following Order.

Plaintiff filed an earlier action against these same Defendants alleging similar claims, Civil Action No. 1:11-CV-1947-RWS ("Case No. 1947"). After nearly eight months of discovery, Plaintiff filed a motion to voluntarily dismiss the case, without prejudice. Noting the financial resources expended by

Defendants in defending the case and expressing concern that Plaintiff would simply re-file her complaint after the dismissal, Defendants requested that the dismissal be with prejudice. The Court dismissed the case without prejudice, but, in recognition of Defendants' concerns, ordered that "in the event that Plaintiff's re-filed lawsuit is deemed to be frivolous, Plaintiff shall be held responsible for Defendants' attorneys' fees and costs incurred while defending [Case No. 1947]."

Plaintiff filed the present action on July 29, 2013 and was allowed to proceed *in forma pauperis*. Plaintiff originally asserted claims under 42 U.S.C. § 1983 related to First Amendment retaliation; 42 U.S.C. § 1985 for conspiracy to interfere with her civil rights; and Title VII of the Civil Rights Act of 1964 for age discrimination. On December 16, 2013, Defendants filed a Motion to Dismiss for Failure to State a Claim [17]. Plaintiff filed a Response to the Motion [19] and subsequently filed a Motion for Leave to File Amended Complaint [22]. In her proposed amended complaint, Plaintiff withdrew her § 1985 and Title VII claims and added claims under the Americans with Disabilities Act of 1990 ("ADA") and the Rehabilitation Act of 1973 ("Rehabilitation Act"). On July 18, 2014, the Court entered an Order [30]

2

denying Defendants' Motion for Leave to File Amended Complaint and granting Defendants' Motion to Dismiss for Failure to State a Claim.

As the prevailing party, Defendants filed a Motion for an Award of Attorneys' Fees [32] which is presently before the Court for consideration. An award of attorney's fees is authorized by 42 U.S.C. § 1988 and 42 U.S.C. § 2000e-5(k) to a prevailing defendant. A defendant may recover fees "only where it establishes that the plaintiff's actions were frivolous, unreasonable, or without foundation, even though not brought in subjective bad faith." Christiansberg Garment Co. v. Equal Employment Opportunity Comm., 434 U.S. 412, 421 (1978). In a case involving both frivolous and non-frivolous claims, "a defendant may recover the reasonable attorney's fees he expended solely because of the frivolous allegations." Fox v. Vice, 131 S. Ct. 2205, 2218 (2011). Also, "[t]he law in this circuit is clear that ability to pay should be considered in the award of attorney's fees under Section 1988." Baker v. Alderman, 158 F.3d 516, 528 (11th Cir. 1998).

Defendant asserts that all of Plaintiff's claims were frivolous. Though the Court granted Defendants' Motion to Dismiss all of the claims, the Court does not find Plaintiff's First Amendment retaliation claim to be frivolous such that

3

attorneys' fees should be awarded related to that claim. Plaintiff had at least an arguable claim that her speech touched upon matters of public concern. The claim was not frivolous. However, the remaining claims lacked either a foundation in fact or a basis in law. Plaintiff's substantive due process claim was clearly foreclosed by the decision in McKinney v. Pate, 20 F.3d 1550 (11th Cir. 1994). The obvious presence of state procedural safeguards foreclosed Plaintiff's procedural due process claim. Plaintiff's ADA claim was barred by the statute of limitations, and she failed to allege facts that would support a Rehabilitation Act claim. The claims from her original Complaint that she abandoned in her proposed Amended Complaint lacked facts in support of the claims. Therefore, as to all of these claims, the Court concludes that they were frivolous.

In determining the attorney costs to be awarded when a case involves both frivolous and non-frivolous claims, "the dispositive question is not whether attorney costs at all relate to a non-frivolous claim, but whether the cost would have been incurred in the absence of the frivolous litigation." Fox, 131 S.Ct. at 2216. Defendants claim to have expended approximately $47,850 in attorneys' fees prior to the bringing of the present motion. Though Defendants

4

have not submitted an itemized bill, the Court is confident that much of the time expended would have been expended even if the frivolous claims had not been included in the case. The Court is also cognizant of the financial circumstances of Plaintiff. Plaintiff submitted an Affidavit with her Application for *In Forma Pauperis* Status which shows that she owns no property and has very little income. "[B]ecause the awards are at bottom an equitable matter, courts should not hesitate to take the relative wealth of the parties into account." Faraci v. Hickey-Freeman Co., Inc., 607 F.2d 1025, 1028 (2nd Cir. 1979) (internal citation).

The Court does not wish to create a chilling effect on other plaintiffs who might bring meritorious claims by awarding fees to prevailing defendants. However, in light of the "warning" Plaintiff and her counsel received in the dismissal of Case No. 1947 and the lack of merit of the aforementioned claims, the Court concludes that an award is appropriate in the present case. Taking all of these factors into consideration, the Court hereby awards attorneys' fees to Defendants in the sum of $4,000.

AO 72A
(Rev.8/82)

**SO ORDERED**, this  16th  day of October, 2014.

_____
**RICHARD W. STORY**
United States District Judge

AO 72A
(Rev.8/82)